IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-36-2

Filed 18 June 2025

Catawba County, Nos. 18CRS001848-170, 18CRS001849-170, 18CRS052417-170

STATE OF NORTH CAROLINA

v.

JARON MONTE CORNWELL

On remand from the Supreme Court of North Carolina for reconsideration in light of *State v. Singleton*, 386 N.C. 183 (2024). Appeal by defendant from judgments entered 11 October 2021 by Judge Martin B. McGee in Catawba County Superior Court, Nos. 18CRS001848-170, 18CRS001849-170, 18CRS052417-170. Originally heard in the Court of Appeals 19 September 2023.

*Attorney General Jeff Jackson, by Criminal Bureau Chief Benjamin O. Zellinger, for the State.*

*Jason Christopher Yoder for defendant.*

FREEMAN, Judge.

On 4 November 2019, defendant was indicted for possession of a firearm by a convicted felon. On 20 September 2021, a grand jury issued superseding indictments charging defendant with conspiracy to traffic cocaine and continuing criminal enterprise ("CCE"). Defendant's matter came on for trial in Catawba County Superior Court on 4 October 2021. The State introduced extensive evidence tending

to show defendant's significant involvement in a cocaine trafficking ring, including wiretaps, surveillance footage, and incriminating items seized from defendant's residence. The evidence tied defendant, referred to as the "Kingpin of Hickory" by an associate, to numerous drug transactions, including the purchase and transport of a one-kilogram brick of cocaine. The jury found defendant guilty of all charges.

Defendant initially announced in court he would not appeal his case, but he then returned to court two days later and gave oral notice of appeal. On appeal to this Court, defendant petitioned for a writ of certiorari "in the event that this Court finds his trial counsel's oral notice of appeal . . . was defective because it was not given 'at trial' as required by Rule 4(a)(1)." Because we determined defendant had "not properly appealed," this Court "allow[ed] his petition for writ of certiorari only in part with respect to the adequacy of his CCE indictment."[1] *State v. Cornwell*, No. COA23-36, 2024 WL 1406627, at *1 (N.C. Ct. App. Apr. 2, 2024).

This Court vacated defendant's conviction for CCE because the indictment charging defendant with that offense was "insufficient to support subject matter jurisdiction with respect to that charge." *Id.* The State filed a petition for discretionary review with the Supreme Court of North Carolina, and that Court

---

[1] After our prior opinion issued, defendant filed a motion for us to reconsider our dismissal of the remainder of his appeal. Defendant has similarly argued in his supplemental brief that we should consider all of his original arguments on appeal. We decline defendant's invitation to expand the scope of our review on remand beyond that which is properly before us for reconsideration in light of *Singleton*.

entered an order allowing the State's petition "for the limited purpose of remanding this case to the Court of Appeals for reconsideration in light of this Court's decision in *State v. Singleton*[.]"

Upon remand, this Court ordered the parties to submit supplemental briefing on three issues. The parties' supplemental briefs have been filed and considered by this Court and this matter is now ripe for decision. For the reasons below, we conclude that although our precedent compels us to hold that the indictment charging defendant with CCE contained a non-jurisdictional defect, such defect did not prejudice defendant.

## I.    Factual and Procedural Background

As our prior opinion in this matter dealt solely with defendant's indictment for CCE, and as our Supreme Court's remand instructed us to reconsider that opinion in light of *Singleton*, our review is limited to that sole issue regarding defendant's indictment. Accordingly, we omit facts and procedure irrelevant to this issue.

The indictment charging defendant with CCE stated:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that from on or about December 1, 2017, through on or about May 30, 2018, in Catawba County, the Defendant named above unlawfully, willfully, and feloniously did engage in a continuing criminal enterprise by violating N.C.G.S. §90-95(h)(3)(c), by trafficking in cocaine, and by violating N.C.G.S. §90-95(a)(1) by selling and delivering cocaine. The violations were part of a continuing series of violations of Article 5 of Chapter 90 of the General Statutes, which the defendant undertook in concert with more than five other persons, including,

- 3 -

> Naeem Mungro, Gevon King, Terrence Geter, John Gaither, Devonta Beatty, Shamaine Edwards, and Robert Jenkins, with respect to whom the defendant occupied a position of organizer and a supervisory position and from which the defendant obtained substantial income and resources. This act was done in violation of N.C.G.S. §90-95.1.

In our original opinion in this case we relied on *State v. Guffey*, 292 N.C. App. 179 (2024), to analyze defendant's argument that this indictment was "fatally defective for failing to separately allege each underlying offense as elements of CCE." *Cornwell*, 2024 WL 1406627, at *2. We concluded that:

> Here, the same issues that existed with the CCE indictment in *Guffey* are present. While the indictment specifies that "Defendant . . . unlawfully, willfully, and feloniously did engage in a continuing criminal enterprise by violating N.C.G.S. § 90-95(h)(3)(c), by trafficking in cocaine, and by violating N.C.G.S. § 90-95(a)(1) by selling and delivering cocaine" and names the participants of the alleged enterprise, a juror would have no way of knowing how many criminal acts were committed within the organization or how Defendant's acts advanced them. The indictment was therefore insufficient to confer subject matter jurisdiction over the trial court, and we must vacate the judgment with respect to that charge.

*Id.* at *3 (cleaned up).

As previously noted, our Supreme Court issued its opinion in *State v. Singleton*, 386 N.C. 183 (2024), shortly after we issued our initial opinion in this matter. In *Singleton*, the Supreme Court held that "an indictment raises jurisdictional concerns only when it wholly fails to charge a crime against the laws or people of this State." *Singleton*, 386 N.C. at 184–85. Before *Singleton* was issued, the State petitioned our

Supreme Court for discretionary review of our original opinion in this case. The

Supreme Court allowed the State's petition "for the limited purpose of remanding this

case to the Court of Appeals for reconsideration in light of this Court's decision in

*State v. Singleton*[.]" On remand, we ordered the parties to submit supplemental

briefing on three issues:

> 1) [T]he validity of *State v. Guffey*, 292 N.C. App. 179 (16
> January 2024), *disc. rev. denied* 904 S.E.2d 554 (Mem)
> (N.C. 21 August 2024), following *Singleton*;
>
> 2) [A]ssuming *Guffey* is still binding caselaw, whether the
> concerns *Guffey* addresses in continuing criminal
> enterprise indictments are constitutional or non-
> constitutional in nature; and
>
> 3) [A]ny arguments from the parties regarding the
> applicable prejudice standards discussed in *Singleton*, 386
> N.C. at 211, so that the parties may carry their respective
> burdens to present prejudice arguments under N.C.G.S.
> § 15A-1443(a) and/or (b).

With the parties' supplemental briefing now in hand, we proceed to reconsider

our previous opinion in light of our Supreme Court's decision in *Singleton*.

## II. Standard of Review

"The sufficiency of an indictment is a question of law reviewed de novo." *State*

*v. White*, 372 N.C. 248, 250 (2019).

## III. Discussion

At the time we first considered this case, our courts followed the common law

jurisdictional indictment rule. That rule provided that: (1) a valid indictment was

necessary to bestow subject-matter jurisdiction on the trial court; (2) arguments

regarding the validity of indictments could be raised at any time, including on appeal; and (3) the remedy for a fatally defective indictment was vacatur of the judgment for that indicted charge. *See generally State v. Rankin*, 371 N.C. 885 (2018). Applying this rule to defendant's indictment, we relied on *Guffey* to hold that defendant's CCE indictment was defective as it failed to specifically enumerate each of defendant's alleged underlying acts in the criminal enterprise. *Cornwell*, 2024 WL 1406627, at *3. Under the common law jurisdictional indictment rule, we were therefore compelled to vacate defendant's judgment "with respect to that charge." *Id.*

However, one month after our decision, the Supreme Court of North Carolina held that "the Criminal Procedure Act abrogated any remaining portion of the common law jurisdictional indictment rule" and that the "common law rule has been supplanted and is no longer the law in this State." *Singleton*, 386 N.C. at 209.[2] Our close reading of *Singleton* reveals a three-step process appellate courts must follow when reviewing allegedly defective indictments.

First, the court must determine whether the challenged indictment in fact contains a material defect. Second, if a material defect is present, the court must determine whether the defect is jurisdictional or non-jurisdictional in character. Third, depending on the character of the defect, the court must determine if the

---

[2] Although our Supreme Court cautioned that "where non-jurisdictional deficiencies exist in criminal indictments, the better practice is for defendants to raise the issue in the trial courts," *Singleton*, 386 N.C. at 210, "issues related to alleged indictment defects, jurisdictional or otherwise, remain automatically preserved despite a defendant's failure to object to the indictment at trial," *id.*

defendant is entitled to relief. Applying this framework here, we determine that although defendant's CCE indictment contained a non-jurisdictional defect, defendant is not entitled to relief because the defect was not prejudicial.

## A. Review of Defendant's CCE Indictment

### 1. *The Existence of a Defect*

At the first step of our review process we must determine whether defendant's indictment contained a defect. As we relied on *Guffey* in reaching our prior conclusion that defendant's CCE indictment was defective, and as *Guffey* was issued prior to *Singleton*, the first issue we directed the parties to supplementally brief was the continuing validity of *Guffey* following *Singleton*.

Defendant relies on *In re Civil Penalty* to argue that we are bound by *Guffey* because that case has not been specifically overturned by our Supreme Court. *See In re Civil Penalty*, 324 N.C. 373, 384 (1989) ("[A] panel of the Court of Appeals is bound by a prior decision . . . addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). The State contends that *Singleton* overruled *Guffey* by rejecting *Guffey*'s premise "that an indictment flaw robs the trial court of subject matter jurisdiction, and that the judgment must be vacated."

The State appears to have misapprehended its first supplemental briefing task. While it is self-evident that *Singleton* overruled *Guffey* to the extent it treated all indictment flaws as jurisdictional errors, the crux of our request for supplemental

briefing on the continued validity of *Guffey* related to the only portion of that opinion that could conceivably survive *Singleton*: the holding that a CCE indictment is defective if it fails to enumerate the alleged underlying offenses comprising the CCE.

Because *Singleton* does not specifically address this question, we agree with defendant that we are bound to follow that portion of *Guffey*. *See In re Civil Penalty*, 324 N.C. at 384 ("[A] panel of the Court of Appeals is bound by a prior decision . . . addressing *the same question* . . . unless overturned by an intervening decision from a higher court." (emphasis added)). Accordingly, we reiterate our previous conclusion that defendant's CCE indictment was defective because it failed to enumerate the underlying acts comprising the CCE and thereby failed to allege an essential element of the crime. *Cornwell*, 2024 WL 1406627, at *3 (cleaned up).

## 2. *The Character of the Defect*

Having concluded that defendant's CCE indictment was defective, we turn to the second step of our framework: determining whether such defect was jurisdictional or non-jurisdictional in character.[3] A jurisdictional defect "*only* aris[es] where an indictment wholly fails to allege a crime against the laws or people of this State." *Singleton*, 386 N.C. at 184 (emphasis added). This type of defect arises if the indictment charges "conduct that does not constitute a criminal offense," for example,

---

[3] In his supplemental brief, defendant contends "*Singleton* cannot be constitutionally applied to this case retroactively." However, our Supreme Court's mandate remanding this case for reconsideration in light of *Singleton* requires *Singleton*'s retroactive application here.

charging "the accused with wearing a pink shirt on Wednesday," or "with a crime committed in another state." *Id.* at 205–06.

All other "species of errors," such as an indictment's failure "to provide notice sufficient to prepare a defense" or failure "to satisfy relevant statutory strictures," are non-jurisdictional defects. *Id.* at 210. This is so because "an indictment charging a defendant with violating the laws of this State is sufficient to invoke the superior court's jurisdiction without regard to an indictment's statutory or constitutional infirmities[.]" *Id.* at 211.

Here, there is no question that defendant's CCE indictment charged defendant "with violating the laws of this State," *id.*, as the indictment alleged that defendant "unlawfully, willfully, and feloniously did engage in a continuing criminal enterprise . . . in violation of N.C.G.S. §90-95.1," the CCE statute. Therefore, because the CCE indictment did not wholly fail to charge defendant with a crime against the laws or people of this State, the defect is non-jurisdictional in nature.[4]

### 3. *Entitlement to Relief*

Having concluded that defendant's indictment contained a non-jurisdictional

---

[4] Defendant relies on *State v. Wilkins*, 295 N.C. App. 695 (2024), to argue that notwithstanding *Singleton*'s clear directives to the contrary, "where an indictment fails to allege facts supporting an essential element of the offense, it fails to state a crime and therefore is jurisdictionally defective." In *Wilkins*, we reviewed an indictment charging the defendant with the *common law* crime of obstruction of justice and held that the indictment did not "allege conduct that could be understood to constitute common law obstruction of justice and therefore fail[ed] entirely to allege a criminal act[.]" *Id.* at 701 n.2. *Wilkins* is inapposite here because there is no question that defendant's CCE indictment alleged a criminal act by charging him with violating a criminal *statute*, section 90-95.1.

defect, we now proceed to the third step of our framework: determining whether this non-jurisdictional defect entitles defendant to relief.[5] Under *Singleton*, "a defendant seeking relief" based on a non-jurisdictional indictment defect "must demonstrate not only that such an error occurred, but also that such error was prejudicial." *Singleton*, 386 N.C. at 210.

> In determining whether an error was prejudicial, the prejudicial error tests provided in section 15A-1443 are applicable. Subsection 15A-1443(a) is the appropriate test for indictment errors that fail to satisfy statutory strictures, and subsection 15A-1443(b) is the appropriate test for indictment errors that fail to satisfy the constitutional purposes of indictments. However, it would appear that the longer a defendant waits to raise issues related to deficient criminal pleadings, the more difficult it would be to establish prejudice.

*Id.* at 211 (cleaned up).

Under section 15A-1443, a defendant is prejudiced by a statutory defect "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2023). "The burden of showing such prejudice" for a statutory defect "is upon the defendant." *Id.* In contrast, a constitutional defect "is prejudicial unless the appellate court finds that [the defect] was harmless beyond a

---

[5] If the appellate court determines that a defendant has carried his or her burden of demonstrating an indictment contains a *jurisdictional* defect, the remedy remains vacatur of judgment. *See Singleton*, 386 N.C. at 184 ("To be sure, where a criminal indictment suffers from a jurisdictional defect, courts lack the ability to act. . . . Where a court has no power to act in the first instance, jurisdictional defects can be raised at any time.").

reasonable doubt." *Id.* § 15A-1443(b) (2023).

To determine which prejudicial error test to apply, we must first ascertain whether the indictment "fail[s] to satisfy constitutional purposes" or "fail[s] to satisfy relevant statutory strictures." *Singleton*, 386 N.C. at 210. "An indictment might fail to satisfy constitutional purposes by failing to provide 'notice sufficient to prepare a defense and protect against double jeopardy,' or it might fail to satisfy relevant statutory strictures by failing to 'assert[ ] facts supporting every element of a criminal offense.' " *Id.* (alteration in original) (first quoting *State v. Lancaster*, 385 N.C. 459, 462 (2023), then quoting N.C.G.S. § 15A-924(a)(5) (2023)).

Here, defendant contends that because "*Guffey* raised multiple constitutional concerns, all of which apply to the indictment" here, "the indictment failed to provide constitutionally adequate notice to allow him to maintain a defense or allow [him] to protect himself against double jeopardy at the current trial or in a future trial." However, apart from these conclusory statements, defendant fails to articulate any facts demonstrating that this indictment defect prevented him from maintaining a defense or subjected him to multiple punishments for the same offense.

In *Guffey*, this Court "h[e]ld that each underlying act alleged under N.C.G.S. § 90-95.1 constitutes an essential element of the offense" and that the indictment there was fatally defective because it failed to allege these elements. *Guffey*, 292 N.C. App. at 185–86. While *Guffey* did discuss constitutional concerns, it did not create a per se rule that any *Guffey* defect automatically prevents a defendant

from maintaining a defense or instantly subjects him or her to multiple punishments for the same offense. A defendant must still carry his or her burden of establishing that the defect actually, not theoretically, impaired his or her ability to present a defense or subjected him or her to multiple punishments for the same offense. Here, defendant has failed to carry this burden.[6]

As defendant has failed to establish that this indictment did not satisfy constitutional purposes, and as the defect stems from the indictment's omission of "an essential element of the offense," *Guffey*, 292 N.C. App. at 185, we conclude the indictment failed to satisfy relevant statutory strictures. *See* N.C.G.S. § 15A-924(a)(5) (providing that a criminal pleading must contain a "plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense[.]"). Accordingly, we apply subsection 15A-1443(a)'s prejudicial error test to determine if defendant is entitled to relief. *See Singleton*, 386 N.C. at 211 ("Subsection 15A-1443(a) is the appropriate test for indictment errors that fail to satisfy statutory strictures[.]").

Under subsection 15A-1443(a), defendant's burden is to establish a reasonable possibility that if the error had not been committed—i.e., if the indictment had properly alleged the underlying acts comprising the CCE—the jury would not have convicted him of that charge. Defendant contends that if the indictment had not been

---

[6] We note that defendant did not move for a bill of particulars or otherwise indicate any confusion about the charge against him at trial.

defective, "he could have prepared a defense to the Article 5 violations, requested a special verdict form, and identified convictions in a way that would prevent double jeopardy." However, defendant fails to articulate how any of these actions would have created a reasonable possibility of a different result on the CCE charge.

Considering the overwhelming evidence of defendant's guilt as to both the underlying Article 5 violations and the CCE charge—including extensive video surveillance, wiretaps, and weapons and drug sale paraphernalia seized from defendant's residence—we hold that defendant has failed to establish prejudice under section 15A-1443(a). Accordingly, we conclude that defendant received a fair trial free from prejudicial error and is therefore not entitled to relief.

## IV. Conclusion

In this case, the indictment charging defendant with CCE was defective because it failed to allege the underlying acts comprising the CCE. Under our Supreme Court's precedent in *Singleton*, this defect is non-jurisdictional and therefore does not afford defendant relief absent a showing of prejudice. Under the facts of this case, the failure to allege these underlying acts was a statutory defect that did not prejudice defendant because there is no reasonable possibility that, had the indictment properly alleged these underlying acts, the jury would have acquitted defendant of the CCE charge.

NO PREJUDICIAL ERROR.

Judges STROUD and FLOOD concur.